UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDY MELVIN QUICK,

       Petitioner,

                                           Case No. 13-CV- 14049

v.

                                           HON. MARK A. GOLDSMITH

LLOYD W. RAPELJE,

       Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR A STAY (Dkt. 10)

      Petitioner Sandy Melvin Quick has filed a pro se habeas corpus petition challenging his Wayne County convictions for criminal sexual conduct.  Before the Court is Petitioner's motion for a stay of these proceedings so that he can pursue post-conviction remedies in state court.  For the reasons explained below, the Court concludes that Petitioner should be permitted to exhaust additional state remedies and grants the motion.

      Petitioner was convicted in 2011 of one count of first-degree criminal sexual conduct in violation of Mich. Comp. Laws § 750.520b, and one count of second-degree criminal sexual conduct in violation of Mich. Comp. Laws § 750.520c.  He is serving a sentence of twenty-five to thirty-five years for the first-degree conviction and a consecutive sentence of five to fifteen years for the second-degree conviction.  On appeal from his convictions, Petitioner argued that he was denied a fair trial by the admission of "other acts" evidence and by trial counsel's ineffective assistance.  The Michigan Court of Appeals found no merit in these claims and affirmed Petitioner's convictions in an unpublished decision.  People v. Quick, No. 306030

(Mich. Ct. App. Nov. 27, 2012). On April 29, 2013, the Michigan Supreme Court denied leave to appeal. People v. Quick, 829 N.W.2d 200 (Mich. 2013).

On September 20, 2013, Petitioner filed his habeas corpus petition in this Court. His grounds for habeas relief are: (i) he was denied a fair trial by the erroneous admission of "other acts" evidence under Mich. Comp. Laws § 768.27a; (ii) section 768.27a conflicts with Michigan Rule of Evidence 404(b) and violates the Michigan Supreme Court's constitutional powers; (iii) trial counsel rendered ineffective assistance by eliciting testimony that Petitioner was physically abusive in unrelated prior incidents and by failing to move for a mistrial; and (iv) the cumulative effect of counsel's errors deprived him of due process and his right to a fair trial.

In Respondent's answer in opposition to the petition (Dkt. 8), Respondent argues that Petitioner's challenge to the constitutionality of Mich. Comp. Laws § 768.27a is procedurally defaulted because Petitioner failed to make a contemporaneous objection to the alleged error. Resp. Br. at 34-37. Respondent contends that Petitioner's other claims lack merit or are not cognizable on habeas review.

In his pending motion for a stay, Petitioner alleges that he would like to return to state court and file a motion for relief from judgment, raising several new claims, including a claim that trial counsel was ineffective for failing to object to Mich. Comp. Laws § 768.27a as being unconstitutional. Pet. Mot. at 8-9 (Dkt. 10). Petitioner seeks 75 days from the date of an order granting his motion for a stay to file his post-conviction motion in state court and 25 days following exhaustion of state remedies for his new claims to return to federal court. Id. at 9.

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state courts before raising their claims in a federal habeas corpus petition.

See 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." O'Sullivan, 526 U.S. at 845, 847. To be properly exhausted, each claim must be fairly presented to the state court of appeals and to the state supreme court. Wagner v. Smith, 581 F.3d 410, 414 (6th Cir. 2009).

Petitioner seeks a stay so that he can exhaust state remedies for several new claims, which allege that (i) trial counsel was ineffective for failing to object to Mich. Comp. Laws § 768.27a as being unconstitutional; (ii) there was insufficient probable cause to bind him over for trial; (iii) there was insufficient evidence that he committed the charged offenses; (iv) the cumulative effect of errors deprived him of due process; (v) Petitioner is actually innocent of the crime for which he stands convicted; and (vi) appellate counsel was ineffective. Pet. Mot. at 3-4.

Federal district courts have authority to issue stays, Rhines v. Weber, 544 U.S. 269, 276 (2005), and, because of the one-year statute of limitations for habeas petitions, see 28 U.S.C. § 2244(d), Petitioner could be precluded from raising his claims in federal court if the Court dismissed his habeas petition while he pursues state remedies. Furthermore, it is not an abuse of discretion to grant a stay if the habeas petitioner has good cause for his failure to first exhaust state remedies, his unexhausted claims are potentially meritorious, and he or she is not engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 278-279. In those circumstances, "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." Id. at 278.

At least some of Petitioner's proposed new claims are not plainly meritless, and it appears that Petitioner is not engaged in intentionally dilatory litigation tactics. It further appears that Petitioner is attempting to show that his appellate attorney was "cause" for his failure to raise his new and unexhausted claims on direct appeal. The Court concludes that it would not be an abuse of discretion to stay these proceedings while Petitioner returns to state court and pursues additional state remedies.

Accordingly, Petitioner's motion for a stay is granted. Petitioner shall file his motion for relief from judgment in state court within 75 days from the date of this order. If Petitioner is unsuccessful in the state trial court and on appeal from the trial court's decision, he may file an amended habeas corpus petition and a motion to re-open this case, using the same case number that appears on this order. An amended petition and motion to re-open this case must be filed within 25 days of exhausting state remedies for Petitioner's new claims. The Clerk of the Court shall close this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's claims.

SO ORDERED.

Dated: June 11, 2014  s/Mark A. Goldsmith
    Flint, Michigan  MARK A. GOLDSMITH
                                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 11, 2014.

                                            s/Deborah J. Goltz
                                            DEBORAH J. GOLTZ
                                            Case Manager